22b 91
17ap126

ROBERTSON *vs.* THE NEW YORK AND ERIE RAIL ROAD
COMPANY.

A rail road company, by its printed rules and regulations, prohibited its engi-
neers from allowing any one, not in its employ, to ride upon the engines. The
plaintiff applied to an engineer for permission to ride upon the engine, and was
informed that it was against the rules of the company to carry him in that
place, but the engineer finally consented that the plaintiff might ride with him,
and he did so, without the knowledge of the conductor, and paying no fare.
*Held,* that the consent of the engineer conferred no legal right, and that the
plaintiff, not being lawfully upon the engine, was a wrongdoer, and could not
recover damages of the company for an injury sustained while riding in that
place.

*Held, also,* that the *onus* was on the plaintiff to show that the engineer had au-
thority from the company to permit him to ride upon the engine; the presump-
tion being that he had no right to be there, whether he paid fare or not.

THIS action was tried at a circuit court held by Mr. Justice
GRAY, in Broome county, in October, 1855. The plaintiff
was nonsuited. He now moved for a new trial upon a case and
exceptions. The facts sufficiently appear in the opinion of the
court.

*D. S. Dickinson,* for the plaintiff, cited and commented upon
the following cases : *Derby* v. *P. and R. R. R. Co.,* 1 *Am.
Railway Cases,* 109 *and* 126. *Marshall* v. *York N. C. and
B. R. R. Co.,* 7 *Eng. Law and Eq. R.* 523. *Carroll* v. *N.
Y. and New Haven R. R. Co.,* 1 *Duer,* 571. *Penn. R. R.
Co.* v. *McClosky,* 11 *Harris,* 526. 2 *Am. Railway Cases,*
114. 4 *Denio,* 370.

*B. Davis Noxon,* for the defendants, cited and commented upon
the following cases : 3 *Barb.* 388. *Haring* v. *N. Y. and E.
R. R. Co.,* 13 *Barb.* 9. 11 *East,* 60. *Munger* v. *Tonawan-
da R. R. Co.,* 4 *Comst.* 349. 12 *Pick.* 177. 2 *id.* 621. 5
*Barb.* 338. 6 *Hill,* 592. 10 *Metc.* 363. 11 *id.* 442. 21 *Pick.*
146. 4 *Comst.* 547. 1 *Bos. & Pul.* 382. 4 *John.* 376, 7.
14 *id.* 304.

*By the Court*, BALCOM, J.   The plaintiff was badly injured, by reason of the negligence or want of skill of the defendants, while riding upon an engine on the defendants' rail road, between the Susquehanna and Port Jervis stations, in January, 1855. The engine, at the time of the accident, was drawing the night express passenger train going east.   The accident occurred at about four o'clock in the morning, by the engine running against some rocks that had fallen or slid from a ledge upon the track of the road.   The plaintiff paid no fare, and the conductor of the train did not know he was upon the engine, prior to the accident. When the plaintiff applied to the engineer for permission to ride upon the engine he was told by him that it was against the defendants' rules to carry him in that place, but the engineer, notwithstanding this declaration, consented that the plaintiff might ride with him upon the engine.   The printed rules and regulations of the defendants prohibited the engineer from allowing the plaintiff or others who were not their employees to ride upon the engine.

The question upon which the case turns is, whether the plaintiff was lawfully upon the engine at the time he was injured. If he was lawfully there, then he was improperly nonsuited ; otherwise not.   The plaintiff, without information on the subject from any of the defendants' agents or servants, had no right to presume that the engineer had authority from the defendants to permit him to ride upon the engine, especially as he paid no fare.   The presumption was against his right to be upon the engine, whether he paid fare or rode free.   The engine is not the place where even that class of passengers who pay no fare usually ride.   The *onus* lay with the plaintiff to show that the engineer had authority from the defendants to permit him to ride in that place, but he showed no such thing ; and the plaintiff had no more warrant for presuming that the engineer had authority from the defendants to allow him to ride upon the engine without paying fare, than he had for supposing the ticket agent at the place where he went aboard of the engine, had authority to take money from the defendants' safe and give him, to enable him to pay his fare to the place whither he was going.

Robertson *v.* The New York and Erie Rail Road Company.

The ticket agent had precisely as much authority from the defendants to make the plaintiff a present of their money as the engineer had to give him a free ride upon the engine.

The plaintiff rode upon the engine with the presumption against his right to ride thereon ; and not only with knowledge of the fact that the engineer had no authority from the defendants to permit him to be there, but when he was informed that the engineer was forbidden by the defendants' rules to permit passengers to ride in that place. The consent of the engineer, which the plaintiff knew was unauthorized by the defendants, conferred no legal right upon the plaintiff to ride upon the engine. His consent was not binding upon the defendants. It was utterly void, and is of no account in the case. It is therefore clear, that the plaintiff was not lawfully upon the engine at the time he was injured.

This case is unlike those cited by the plaintiff's counsel, where injured passengers have recovered damages, although, at the time they were hurt, they were not in the cars where passengers usually ride. In such cases the injured passengers were lawfully and rightfully upon the trains, and were only guilty of an impropriety in selecting the car or seats in which they rode; whereas, in this case, the plaintiff never was rightfully upon the train. He was a wrongdoer the moment he stepped his foot upon the engine, and so continued until he was injured, and cannot sustain this action.

The motion for a new trial is therefore denied with costs.

[DELAWARE GENERAL TERM, July 6, 1856. *Shankland, Gray, Mason* and *Balcom,* Justices.]