Richmond.

## VIRGINIA MIDLAND R. R. CO. v. ROACH.

APRIL 21st, 1887.

RAILROADS.—*Negligent injuries— Trespasser— Liability— Case at bar.*— R. knew, or, from the fact that he had been for months until recently an employee of the defendant company, should have known, that its rules forbid any one except the engineer and fireman to ride upon its engines; yet, upon the invitation of the engineer or conductor, he got upon the engine, and was there riding when the train was negligently thrown off of the track and he was injured.

HELD :

The company was not liable for damages for the injury.

Error to judgment of circuit court of Pittsylvania county, rendered tenth December, 1885, in an action of trespass on the case wherein John D. Roach was plaintiff and the Virginia Midland Railway Company was defendant. The object of this action was to recover damages for an injury inflicted on the plaintiff by the negligence of the defendant company's employees, whilst the plaintiff was riding on one of the company's engines at the invitation of the driver thereof. The jury found a verdict for $500 against the defendant company. This verdict the defendant moved the court to set aside, as being contrary to the law and the evidence. The circuit court overruled the motion, and entered judgment upon the verdict. Thereupon the de-

fendant obtained a writ of error and *supersedeas* to this court. Opinion states the facts.

*Kirkpatrick & Blackford,* for plaintiff in error.

*E. E. Bouldin,* for defendant in error.

HINTON, J., delivered the opinion of the court.

This is an action of *tort* in which the plaintiff recovered a verdict for $500, and the sole question we have to decide now is, whether the court erred in refusing to set aside that verdict and to award a new trial in this case.

As appears from the record, on the sixth day of March, 1883, E. B. Fortune, the engineer of the train on the narrow-gauge railroad from Elba, in Pittsylvania county, to Rocky Mount, in Franklin county, invited the plaintiff to ride on the engine with him; the plaintiff, Roach, accepted the invitation and rode about seven or eight miles to Pittsville, where he got off the engine and got into the passenger coach attached to the train, and rode some four or five miles to Sandy Level station, when he got off and intended leaving the train; but the engineer again invited him to ride with him on the engine, and to go as far as Rocky Mount. This invitation the plaintiff accepted, and once more got upon the engine. There he found Payne, the conductor of the train, Fortune, the engineer, and Reynolds, the fireman. Payne at once opened the throttle-valve and started the engine forward towards Rocky Mount. It was then between seven and eight o'clock, very dark, and raining. As the conductor started the engine he handed a newspaper to the engineer, calling his attention to a paragraph of a few lines about a negro Mason in Texas, which amused him. The engineer read it, handed it back to the conductor, and then took charge of the engine. A

mile and a half beyond Sandy Level the engine and the whole train, consisting of a box (or freight) car and a passenger car, ran off the track—the engine and tender on one side, and the rest of the train on the other—and all on board the engine were more or less hurt. Roach, the plaintiff, was scalded on his body and face by hot water from the engine. He was attended by a physician for ten days, and was confined to his room for a month. He paid a doctor's bill of twenty-four ($24.00) dollars, which the company refused to pay for him.

There was a conflict of opinion as to the speed at which the train was going. The witnesses for the plaintiff thought it faster than usual, and the only two passengers on the train testified that the motion of the train alarmed them, and they moved their seats away from the stove for fear of an accident. No one except those on the engine was hurt by the accident. The rules of the company prohibit any one but the engineer and certain employees from riding on the engine. They also require every employee to learn them. Roach, the plaintiff, had theretofore served as fireman for four or five months, though for several weeks he had not been in the service of the company, and testified that he was not aware of any such rule when he got on the engine. He did not pay any fare for his ride. Now, if we treat the certificate in this, as it really is, as a certificate of evidence, although it purports to be a certificate of facts, and under the long and well settled rule of this court, and consider only the evidence introduced by the party who prevailed below, it must be conceded that there is evidence of such negligence as would make the company clearly liable in damages to any passenger on the train. But Roach was not a passenger, but a mere trespasser or intruder, because he was not lawfully on the train. It is true, he says he was invited to ride by the engineer; but no one knew, or, what is the same thing, ought to have

known, better than he, that neither the engineer or conductor, or both, could give him the right to ride upon the engine. He was not only a fireman, but had been an employee of this very road for months, and must be charged with knowledge of what he would have learned if he had discharged his duty and read the printed regulations which had been furnished, namely, that neither the engineer or conductor had authority to invite him to ride in such an exposed position. The conductor, of course, had control of the train and the right to assign passengers seats ; but this, as has been well said, would not authorize him to assign him a seat upon the cow-catcher. On the contrary, his duty to his company requires him to see that its passengers are safely seated, and that all persons not entitled to be carried should be excluded from the train. And it is, therefore, clear that Roach could not derive any authority to ride from him. But, if we look at the evidence of the defendant in error himself, it will distinctly appear that the claim of Roach that he was riding at the invitation of the conductor was plainly an after-thought, for he had twice gotten upon the engine at the invitation of the engineer before he saw the conductor, and then all the invitation he received from the conductor must be found in the language, "Hello, where are you going?" and the circumstance that he did not warn him off.

The case before us is clearly distinguishable from the cases where injured passengers recovered damages, although at the time they were hurt they were not in cars where the passengers usually ride; for in such cases, as the court said in *Robertson* v. *New York & Erie Railroad Co.*, 22 Barb. 93, "the injured passengers were lawfully and rightfully upon the trains, and were only guilty of an impropriety in selecting the car or seats in which they rode; whereas," as we have seen in this case, "the plaintiff never was rightfully upon the train."

As was said by the court in that case, the plaintiff was a wrong-doer the moment he stepped his foot upon the engine, and so continued until he was injured, and cannot sustain this action.  *Duff* v. *Alleghany R. R. Co.*, 91 Penn. St. 458; Beach on Contributory Negligence, 161, 177, 178, 179.

The judgment must be reversed, the verdict be set aside, and the suit of the plaintiff be dismissed.

JUDGMENT REVERSED.