OTIS D. MANNING *vs.* WEST END STREET RAILWAY COMPANY.

Middlesex.    March 23, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Street Railway — Due Care — Negligence — Remoteness of Cause of Injury.*

A switch-stick flew from the hands of a conductor as he was using it on the top of an electric car and injured a person on the sidewalk of the street. The conductor was using the stick to free the trolley which had caught in a frog at the junction of some overhead wires. Similar accidents had occurred there half a dozen times before. *Held,* in an action for personal injuries, that there was evidence of the defendant's negligence, either in defective construction of the trolley wires and pole, or in the conductor's use of the switch-stick.

A person, while either walking or momentarily stopping on the sidewalk of a street in a city, is not bound to take special precautions against his chance of being struck by a switch-stick flying from the hands of a conductor while he is using it upon an electric car.

TORT, for personal injuries occasioned to the plaintiff by being struck by a switch-stick which flew from the hands of a conductor in the employ of the defendant corporation as he was using it on top of an electric street car to free the trolley, which had caught in a frog at the junction of some overhead wires in a street in Boston. At the trial in the Superior Court, before *Bishop,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*M. F. Dickinson, Jr. & W. B. Farr,* for the defendant.
*G. L. Mayberry,* for the plaintiff.

HOLMES, J.   The first question argued is the usual one of the plaintiff's care.   What is due care depends on the nature of the accident and the degree of danger according to common experience under the known circumstances.   The plaintiff was on the sidewalk, either walking or momentarily stopping.   Putting it in the most favorable way for the defendant, the jury at least were authorized to find that the plaintiff was not bound to take special precautions against such a missile from such a source.   The jury were instructed that, if the plaintiff stopped and· stood there simply ·to look, and the accident took place while he was doing so, he could not recover.   This certainly was sufficiently favorable to the defendant.   *Smethurst* v. *Barton Square Church,* 148 Mass. 261, 266.

Next it is said that there was no evidence of negligence on the part of the defendant.   The conductor must be taken to have known that he was in a public street in which there were or might be travellers, and therefore must be taken to have known that, if the stick did fly with violence from his hands, there was a danger to passers similar, although less in degree, to that which would have attended the firing of a pistol into the way.   Apart from the possibility that he might receive an electric shock sufficient to make him let go his hold, the jury were at liberty to say, from their experience as men of the world, that under such circumstances such an accident commonly does not happen unless the stick is carelessly handled; that it is in the power of the holder to see that he does not submit it to such a strain as to make it possible that it should be torn from his hands; and to infer from those general propositions of experience that there was negligence in the particular case.   See *Graham* v. *Badger,* 164 Mass. 42, 47 ; *Uggla* v. *West End Street Railway,*°160 Mass. 351 ; *White* v. *Boston & Albany Railroad,* 144 Mass. 404.

A ruling was asked that there was no evidence that the accident was caused by defective construction of the trolley wires and trolley pole.   The question is not what we should have found had the matter been submitted to us.   We cannot say that the jury were not warranted in finding the arrangements defective from the fact of the trolley leaving the wires and getting so firmly jammed, and the explanation of what the arrange·

ments were and what was possible, especially when coupled with evidence let in without objection that similar accidents had occurred there half a dozen times before, and an admission of the defendant's expert that, if that was true, the place required attention. See *Feital* v. *Middlesex Railroad,* 109 Mass. 398, 405. If there was negligence, and the later acts were proper in view of the exigency, the only question would be that of remoteness, to which we shall refer in a moment.

We must deal with the fitness of the switch-stick for the use to which it was put, in the same way as with the construction of the wires and trolley pole. The jury possibly might have inferred that alone, without india-rubber gloves, it gave rise to an unnecessary danger of an electric shock, and thus of escaping from the holder's hands.

There remains only the question whether the damage complained of was too remote to be recovered for in any of the possible aspects of the plaintiff's case. We are of opinion that, taking the case at the most distant moment, the possible negligence in the arrangement of the wires was not so remote that that part of the case could be taken from the jury on the ground that they were not at liberty to find that, in the language of the court, such negligence was the efficient means and instrumentality by which the injury took place. Precisely what might happen as a consequence could not be foreseen, of course. But the general nature of what would have to be done, and what was done in fact, could be foreseen, and the general nature of the dangers attending the attempt in the place was sufficiently plain. The language in *McDonald* v. *Snelling,* 14 Allen, 290, 295, must not be taken to require the possibility of any more accurate foresight as a condition of liability. Cases of recovery for much more improbable accidents can be found in the books. *Powell* v. *Deveney,* 3 Cush. 300. The judge no doubt would have called the attention of the jury to the question of remoteness more specifically had he been asked to do so, but it does not appear to us that the defendant ought to have escaped if its negligence was proved, and we think it clear that a verdict for the defendant could not have been ordered on that ground.

*Exceptions overruled.*