Shauck, J.
It is elementary that actionable negligence exists only when one negligently injures *288 another to whom he owes the duty,, created by con-' tract or operation of law, of exercising care. Burdick v. Cheadle, 26 Ohio St., 393; Railway Company v. Bingham, 29 Ohio St., 364; Elster v. Springfield, 49 Ohio St., 82. There being in the present case neither' allegation nor evidence that the fatal injuries were inflicted willfully or intentionally, there can be no recovery unless there existed between the decedent and the company a relation which imposed upon it the duty of exercising care toward him. Although it was alleged in the petition that he was at the time of the accident in the service of the company and traveling on a freight train in obedience to its orders, the allegation was denied in the answer and refuted by the testimony of the plaintiff herself.
The view of counsel for the defendant in error appears to be that the duty of the company to exercise care toward the decedent arose out of the fact that he was riding on the freight train with the express or implied assent of the conductor; and this view is said to have been taken in the circuit court. It invokes the doctrine of the law of agency; and, since the company did not authorize the transportation of passengers on its freight trains, it relies upon the implied or apparent authority of the conductor to bind the company to a relation which its rules forbade. It assumes that the company had given to the conductor an apparent authority which its operating rules had expressly denied him. But the apparent authority of the conductor was to represent the company in the conduct of that portion of its business to which the train in his charge was appropriate. It did not, therefore, exceed his actual authority. The differences between trains intended exclusively for the carriage of freight and those intended for the carriage *289 of passengers are so obvious and familiar as to forbid tbe view suggested. The cases in which a recovery has been denied upon such facts as are here presented áre so numerous that it is not practicable to cite them fully. Among them are Eaton v. Railroad Co., 57 N. Y., 382; McVeety v. Railroad Co. 45 Minn., 268; Railroad Co. v. Roach, 83 Va., 375; Files v. Railroad Co., 21 N. E. Rep., 311; Smith v. Railroad Co., 124 Ind., 394; Railroad Co. v. White, 34 S. W. Rep., 1042; Railroad Co., v. Hailey, 94 Tenn., 383; Railway Co. v. Black, 87 Tex., 160.
The adjectives used to characterize the negligence of the brakeman in leaving the switch open should not be permitted to excuse the obvious failure of the plaintiff below to place her intestate in the position of one to whom the company owed care. In directing a verdict for the defendant the trial judge correctly applied to the evidence the pertinent principles of the law as they are illustrated in the decided cases.

Judgment of the ■ circuit court reversed and that of the common fleas affirmed.

Burket, Davis and Price, JJ., concur.