ST. LOUIS, I. M. & S. RY. CO. v. LEFTWICH.

(Circuit Court of Appeals, Eighth Circuit. August 11, 1902.)

No. 1,716.

1. CARRIERS — INJURY TO PASSENGER — CONTRIBUTORY NEGLIGENCE — WHEN QUESTION FOR JURY—INSTANCE.

The question whether or not a passenger who had just boarded the smoking car, and was passing through that car, over the platform, to the next coach in the rear, where he intended to ride, was guilty of contributory negligence because he turned aside, grasped the railings on both sides of the steps of the platform of the car, and stepped down upon the upper step for the purpose of expectorating and throwing the contents of his mouth clear of the train, was a question for the jury, and not for the court.

2. SAME—JURY.

It is only when all reasonable men, in the honest exercise of a fair and impartial judgment, would draw the same conclusion from the facts which condition the issue of negligence or contributory negligence, that it is the duty of the court to withdraw that question from the jury; and it is not clear that all reasonable men would agree that there was any lack of ordinary care in the act of the plaintiff in this case.

3. SAME—RIDING IN PLACE NOT DESIGNED FOR PASSENGERS.

A passenger who, without any reasonable cause or excuse, rides on a platform or on the steps of a railway car, or on an engine, or on a hand car, or on a freight or baggage car, or in any other place not designed for the carriage of passengers, is guilty of negligence which may bar his recovery of damages resulting from the concurring negligence of the railway company.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

¶ 3. See Carriers, vol. 9, Cent. Dig. §§ 1375–1382.

George E. Dodge and B. S. Johnson, for plaintiff in error.

William G. Whipple and Durand Whipple, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge. This is an action for damages for a personal injury, and it resulted in a judgment for the plaintiff.

The chief, if not the only, reason why this judgment is assailed by counsel for the railway company, is that, in their opinion, the court below should have instructed the jury as a matter of law that the plaintiff, Leftwich, was guilty of contributory negligence which barred his right to a recovery of the damages he claimed. At the time the injury was inflicted, Leftwich was a young man about 29 years of age. He had served as a switchman and as a brakeman. On the occasion of his injury, he was a passenger on the train of the railway company, which contained two passenger coaches. The forward coach was a combination car divided by a partition into a forward and a rear compartment. The forward compartment was set apart for colored passengers, and the rear compartment was a smoking room. The next coach was a ladies' car. The plaintiff was a white man, and he had the right to ride in the smoking car or in the ladies' car as he chose. The train stopped but one or two minutes at the station where he boarded it, so that it was necessary for him to take it at once when it arrived. It was more convenient for him to ascend the steps at the front end of the smoking car when the train arrived at the station. He did so, and then passed back through this car, and out upon the platform between the two passenger coaches, on his way to the rear coach, where he intended to ride. When he was near the partition in the combination car, the train started. On his way back he coughed up some phlegm, and as he arrived upon the platform of the rear car he turned aside, grasped the railings on each side of the steps, and stepped down upon the upper step for the purpose of so expectorating that he might throw the phlegm clear of the train. As he stepped down upon this step, his foot fell upon a mass of woolen rags or waste saturated with oil, used to pack the boxes and oil the bearings of the wheels of railway cars, and commonly called "dope." As his foot struck this dope, he slipped, fell to the ground, and was injured. There was a spittoon in the coach in which he might have deposited the contents of his mouth. The facts which have been recited are undisputed, and they are all the facts material to the questions presented in this case.

The platforms and steps of railway cars propelled by steam are dangerous places for passengers to ride. They are not provided for that purpose, and passenger coaches generally carry on their doors, or in other conspicuous places, notices that the rules of railway companies forbid the passengers to occupy these places for the purpose of riding upon the trains. Moreover, it is a general rule of law that a passenger who, without any reasonable cause or excuse, rides on a platform or on the steps of a railway car, or on an engine, or on a hand car, or on a freight or baggage car, or in any other place not

designed for the carriage of passengers, is guilty of negligence which, if it contributes to an injury that he sustains, will bar his recovery of damages therefor on account of the concurring negligence of the railway company. Purple v. Railroad Co. (C. C. A.) 114 Fed. 123, 129; Railway Co. v. Salinger, 46 Ark. 528, 536; Hickey v. Railroad Co., 14 Allen, 429; Quinn v. Railroad Co., 51 Ill. 495; Paterson v. Railroad Co., 85 Ga. 653, 657, 11 S. E. 872; Bon v. Assurance Co., 56 Iowa, 664, 667, 668, 10 N. W. 225, 41 Am. Rep. 127; Railway Co. v. Roach (Va.) 5 S. E. 175; Robertson v. Railroad Co., 22 Barb. 91; Eaton v. Railroad Co., 57 N. Y. 382, 384, 15 Am. Rep. 513; Railroad Co. v. Langdon, 1 Am. & Eng. R. Cas. 87; Powers v. Railroad Co., 153 Mass. 188, 191, 192, 26 N. E. 446; Flower v. Railroad Co., 69 Pa. 210, 8 Am. Rep. 251; Ecliff v. Railway Co., 64 Mich. 196, 31 N. W. 180. But the platforms and steps of passenger coaches are provided for the entrance and exit of passengers, and to enable them to pass from that part of the train on which they enter to the coach where they desire and are entitled to ride. The plaintiff rightfully entered upon this train, and immediately passed back across the platform between the cars on his way to the coach where he intended, and had the right, to ride to his destination. In all this there was no misuse of train or platform, no want of ordinary and reasonable care. But, as he passed across the platform of the last car he grasped the rails on both sides of the steps, and stepped down one step, in order to free his mouth of its troublesome burden, and to throw it clear of the train. Was this an act of which a man of ordinary prudence, in the exercise of reasonable care, would not have been guilty? Was it an act of negligence? The court below submitted this issue to the jury, and the question which that ruling presents to this court is, would all reasonable men, in the exercise of a fair and impartial judgment, draw the conclusion that, under all the circumstances of this particular case, the plaintiff failed to exercise the care which a man of ordinary prudence would have exercised when he turned aside from the door of his car, and stepped down one step, to relieve his mouth and send its contents away from the train? Railroad Co. v. Jarvi, 3 C. C. A. 433, 53 Fed. 65; Pyle v. Clark, 25 C. C. A. 190, 192, 79 Fed. 744, 746; Railroad Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. 679, 36 L. Ed. 485; Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213. This question must be answered in the negative. The situation, circumstances, and surroundings of the actor always condition the answer to the question whether or not he has exercised ordinary care. It would undoubtedly have been negligence for one without necessity or reason to have placed himself upon one of the steps of this car while the train was in motion. On the other hand, if the train had started just after one had boarded a lower step of the platform it would not have been negligence for him to have placed his feet upon the higher steps to climb upon the platform and enter the car. The case in hand is on the debatable ground between the two cases supposed, and it is by no means clear that all reasonable men would agree that plaintiff's act evidenced any want of ordinary care under the peculiar circumstances of his case. Indeed, it is by no means certain that there are not some reasonably prudent and careful men who would have

been guilty of the same act under the same circumstances. The question which has been considered is the only one argued by counsel for the plaintiff in error, but at the close of their brief they state that, if it was not the duty of the court below to instruct the jury that the plaintiff was guilty of contributory negligence, still that court was in error because it failed to give to the jury 10 separate instructions which they requested it to submit. These requests have been carefully read, considered, and compared with the charge of the court. So far as the rules of law which they contain were sound, pertinent, and material to the issues presented, they were fairly given in the general charge, so that there was no error in the refusal to give them in the words of the counsel for the plaintiff. Moreover, they present no question of law which is not involved in, and decided by, the conclusion that the question of contributory negligence in this case was for the jury, and not for the court.

There was no error in the trial of the case, and the judgment below is affirmed.