CHARLES H. FLETCHER *vs.* BOSTON AND MAINE RAILROAD & others.

Suffolk.   January 10, 1905. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Contributory, On railroad.   *Pleading, Civil.   Joint Tortfeasors.*

A passenger in a railroad train who, after the name of the station at which he is to alight has been called and while the train is moving slowly but has not stopped, leaves the car and stands upon the first of four steps leading from the side of the platform at the end of the car, and while there is thrown to the ground and injured, his fall being caused by the steps being bent under the platform of the car on coming in collision with a truck in charge of a servant of a newsdealer, is not in the exercise of due care and cannot recover either from the railroad company or the newsdealer, although one or both of them may have been negligent.

*Semble,* that a passenger in a train approaching a station, who is injured by an accident caused by the train coming in collision with a truck negligently left too near the track by the servant of a newsdealer, cannot sue the railroad company and the newsdealer as joint tortfeasors, even if both are negligent, their liability, if it exists, being several as differing in character.

TORT, against the Boston and Maine Railroad, and George C. Prince and Arthur D. Prince, newsdealers, doing business under the name of George C. Prince and Son, for injuries incurred in being thrown from a train of the defendant railroad company at its station in Lowell.   Writ dated January 31, 1902.

At the trial in the Superior Court *Maynard,* J. ordered a verdict for the railroad company and also for the other defendants; and the plaintiff alleged exceptions.

*W. B. French,* (*E. L. Curtiss* with him,) for the plaintiff.

*A. R. Tisdale,* (*E. J. Rich* with him,) for the railroad.

*J. C. Burke & J. F. Corbett,* for the defendants Prince, submitted a brief.

BRALEY, J.   Before the plaintiff can recover against either the railroad or the individual defendants, he must offer some evidence that at the time of the accident he was in the exercise of due care.

It appears that he properly became a passenger on a train of the defendant railroad, and took a seat in the smoking compartment of a combination car, the other part of which, next to the locomotive, was used for baggage.

He left his seat some time before reaching his destination, went into the baggage compartment, and engaged in conversation with the baggage master, who, when the train approached it for the purpose of stopping, called the station at which the plaintiff was to alight.   After this as the train was moving slowly, the plaintiff left the car and stood on the first of four steps that led from the platform of that end, and while in this position the steps came into collision with a truck in charge of a servant of the other defendants, who was in the act of placing it within a space between two parallel tracks, over one of which the train was passing.   When the truck was caught by the moving train it struck the steps, bent them under the platform, and caused the plaintiff to be thrown to the ground and injured.

Plainly if he had remained in the car until the train stopped this danger would have been avoided, but he voluntarily left a place provided for him as a passenger, and where he would have been safe, and exposed himself to the chance of injury which common experience has shown is incident to standing upon the platform of a moving railroad car.

The fact that the station had been announced, and the train was being reduced in speed preparatory to stopping, or that the combination of conditions causing the accident were peculiar, and ordinarily not to be anticipated, do not furnish a sufficient excuse for his conduct.   See *Manning* v. *West End Street Railway,* 166 Mass. 230, 232.

Even if it could be found that the baggage master, being a servant of the railroad, properly might announce the stations for

the information of passengers, who would be justified in treating such an announcement as an invitation to leave the car as held in *Floytrup* v. *Boston & Maine Railroad*, 163 Mass. 152, yet this is not an invitation to leave a train while in motion, but after it has stopped.   At the farthest it afforded no justification for the plaintiff to leave the car, and attempt to finish his journey on the platform or steps.   *England* v. *Boston & Maine Railroad*, 153 Mass. 490, 492.

As the plaintiff was not compelled by necessity arising from insufficient means of transportation furnished, or by the management of its train on the part of the carrier, or misled by an invitation to leave the place properly provided for his conveyance, the action taken by him was for his own convenience, and at his own risk.   *Hickey* v. *Boston & Lowell Railroad*, 14 Allen, 429.   *Files* v. *Boston & Albany Railroad*, 149 Mass. 204, 206.

The plaintiff also seeks to hold all the defendants as joint tortfeasors, but the alleged wrong from which he suffered was not within that class of tortious acts for which, if intended, all who participate may be held liable, either severally or jointly. *McAvoy* v. *Wright*, 137 Mass. 207, 210.

His injury arose from an alleged breach of duty of the railroad to safely transport him as a passenger, and with the performance of this service the other defendants were not connected. *Stone* v. *Dickinson*, 5 Allen, 29, 31.

It may be assumed that the original and amended declarations contained sufficient allegations in the various counts to charge the individual defendants, either jointly with the railroad, or as severally liable.   But it is clear, since there was but one injury by whomsoever caused, that the contributory negligence of the plaintiff likewise prevents his recovery against them under any form of pleading.   *Murphy* v. *Deane*, 101 Mass. 455, 466.

*Exceptions overruled.*