### CHICAGO GREAT WESTERN RY. CO. v. MOHAUPT.[*]

#### (Circuit Court of Appeals, Eighth Circuit.   June 2, 1908.)

#### No. 2,709.

CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

 An adult person traveling on a railroad train, who, several blocks before the train reached a station, and while it was moving at a speed of 10 miles an hour, voluntarily and without necessity left the car in which he was seated and stood upon the open platform, and while so riding was killed in a collision with another train standing at the station, no passenger in the cars being seriously injured, was chargeable with contributory negligence which precluded a recovery from the company for his death.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1376–1378.

 Injuries to passengers occupying positions other than seats, see note to St. Louis, I. M. & S. Ry. Co. v. Leftwich, 54 C. C. A. 4.]

In Error to the Circuit Court of the United States for the District of Minnesota.

A. G. Briggs and John L. Erdall, for plaintiff in error.

C. D. O'Brien, R. D. O'Brien, and E. W. Williams, for defendant in error.

*Rehearing denied July 24, 1908.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge. This was an action for damages instituted under the statutes of Minnesota by the personal representative of Edward Mohaupt, deceased, for alleged negligence of defendant's servants and agents in the operation of one of its trains of cars. The defenses were twofold: (1) That decedent was a trespasser on the train, and that defendant was not guilty of any wanton or willful disregard of his rights; and (2) that he so exposed himself to danger as to contribute to the injury sustained by him. The decedent took one of the passenger trains of the defendant company somewhere between St. Paul and Minneapolis, to be carried to the latter place. The proof discloses that there was a tacit understanding between him and the conductor of the train that he should be carried free, and pursuant to such understanding he paid no fare for his transportation. As the train approached Minneapolis station, it collided with the rear end of another train standing at the station, and decedent was crushed and killed. For some six blocks before reaching the station, and while the train was moving at a rate of about 10 miles an hour, decedent had been riding on the rear, open or unvestibuled, platform of the smoking car, having before that time left the smoking car in which he had been riding, and which afforded ample room and safe accommodation for him, and was standing on the platform when the fatal collision occurred. No person inside the cars was seriously hurt by the collision.

At the conclusion of the testimony, the court was asked to direct a verdict for the defendant on two grounds, one because decedent was not a passenger, but a mere trespasser, and, again, because of his own contributory negligence, but refused to do so, and this action affords the basis of one of the assignments of error. The argument is made that the conductor had no authority to permit decedent to ride free on the train; that he was a trespasser in so doing, and as such could exact only a low grade of care from the defendant company, and attention is called to the cases of Condran v. Chicago, M. & St. P. Ry., 67 Fed. 522, 14 C. C. A. 506, 28 L. R. A. 749, and Purple v. Union Pacific R. Co., 114 Fed. 123, 51 C. C. A. 564, 57 L. R. A. 700, as authority for the proposition that the only duty legally imposed upon defendant in such circumstances was not to willfully or recklessly inflict injury upon him, and it is urged that the proof shows neither willfulness nor recklessness on the part of defendant company.

The court below ruled that the decedent was neither a trespasser nor a passenger, but a licensee, and that as such he was entitled to the observance of ordinary care by the defendant railway company. This conclusion is strenuously resisted by defendant's learned counsel. They claim that the proof brings the case well within the rule announced in the foregoing cases, and that the trial court erred in not applying that rule to this case. We, however, in view of the conclusion reached on the other ground urged for the peremptory instruction, do not deem it necessary to pass upon the merits of this one.

There is no substantial proof that defendant had any reasonable ground or excuse for riding on the platform of the car. The smoking car in which he had been riding before he took his position on the platform afforded him ample room and accommodation. There were but few passengers in it. So, likewise, the car next to the smoking car and immediately behind the platform on which he was standing contained many vacant seats, in any one of which he could comfortably and conveniently have ridden into the station. If he had remained in the smoking car where he was, he would have been uninjured, as no one there was hurt by the collision. He was an experienced brakeman and selected the dangerous place upon the platform when other safe and convenient places were available to him. Instead of relying on the well-established rule of law and practice which require railway companies to bring their passenger trains to a full stop at stations and remain so until all persons have had a reasonable opportunity to alight and remain inside the car until it arrived at the station, for some unexplained reason he voluntarily, and without any compulsion or inducement by defendant's agents or servants, left the car at least six blocks away from the station and took the platform at a time when the train was not slowing up for the station, but was moving rapidly, and remained there until his fatal injury was received. The theory that he went so long before the train reached the station to make ready to alight when it should arrive has no support in the proof, and, even if such were the fact, it would not, unless in exceptional circumstances, have justified him in exposing himself to the unnecessary peril.

The rule is well settled that:

"Where the railway company has provided a safe and secure place for passengers to ride within its cars, a passenger who voluntarily and unnecessarily takes a position upon the platform of a car while the train is in motion will, in so doing, be chargeable with such contributory negligence as will preclude him from the right to recover for an injury which would not have befallen him had he been in his proper place." 3 Hutch. on Carriers, § 1197; 3 Thomp. Com. on Law of Negligence, § 2947; Beach on Contributory Negligence, § 149.

This court, in St. Louis, I. M. & S. Ry. Co. v. Leftwich, 117 Fed. 127, 54 C. C. A. 1, observed that:

"Platforms and steps of railway cars propelled by steam are dangerous places for passengers to ride. They are not provided for that purpose, and passenger coaches generally carry on their doors, or in other conspicuous places, notices that the rules of railway companies forbid the passengers to occupy these places for the purpose of riding upon the trains. Moreover, it is a general rule of law that a passenger who, without any reasonable cause or excuse, rides on a platform or on the steps of a railway car * * * is guilty of negligence which, if it contributes to an injury that he sustains, will bar his recovery of damages therefor on account of the concurring negligence of the railway company."

In Hickey v. Boston & Lowell R. R. Co., 14 Allen (Mass.) 429, the Supreme Judicial Court of Massachusetts considered what would be "reasonable cause" for a passenger to ride upon a platform, and there said:

"If, then, the position upon the platform was taken voluntarily, and without reasonable cause of necessity or propriety, the plaintiff fails to show

that her intestate was in the exercise of due care and caution. An eager desire to be first in, to arrive at the front rather than at the rear of the train is certainly not such reasonable cause. Ordinarily no accident occurs to those who rush out of the train or rush into the cars at stations, before the trains fairly come to a stop or after it is in motion again; but it cannot now be questioned that those who do so take upon themeslves all the risks which attend such a practice."

In Fletcher v. Boston & M. R. R., 187 Mass. 463, 73 N. E. 552, 105 Am. St. Rep. 414, a case was under consideration where the plaintiff was injured while standing upon the upper step leading from the platform of a car. The court said:

"Plainly, if he had remained in the car until the train stopped, this danger would have been avoided. But he voluntarily left a place provided for him as a passenger, and where he would have been safe, and exposed himself to the chance of injury, which common experience has shown is incident to standing upon the platform of a moving railroad car. The fact that the station had been announced, and the train was being reduced in speed preparatory to stopping, or that the combination of conditions causing the accident was peculiar, and not ordinarily to be anticipated, does not furnish a sufficient excuse for his conduct"—citing Manning v. West End Ry., 166 Mass. 230, 44 N. E. 135.

We are aware of the frequent practice of travelers to needlessly rush to the door of the car and sometimes out upon the platform before the train comes to a full stop, merely to expedite their departure from the train; but the open platform when the train is in motion is a dangerous place, and the practice of resorting to it, except for some urgent and good reason, is against the dictates of common prudence and ought not to receive judicial sanction. Ordinarily, it is only a fancied necessity which prompts it, and it is a reasonable thing to require the passenger to forego the practice except at his own peril in case of accident. We think the decedent contributed to the terrible misfortune which befell him, and that no recovery can be had by his personal representatives on account of it. The court below should have so instructed the jury.

The judgment is reversed, and the cause remanded for a new trial.