BIJUR, J. Plaintiffs' claim was for some $132. Prior to suit brought, defendants tendered $92 in full settlement, which was refused. Plaintiffs then brought this action, but by a clerical error claimed only $40. On the return day the defendants waited until a default had been taken, and then paid into court the sum of $42, being the amount of the judgment and costs.

When the plaintiffs' counsel became aware of the error, they moved to vacate the judgment, for leave to discontinue the action, and for a direction to the clerk to return to defendants the $42 paid in by them. This motion was granted, upon condition that plaintiffs should pay defendants $10 costs and their disbursements. It is from this order that defendants appeal.

The order, not being one of those enumerated in sections 253, 254, 255, or 256 of the Municipal Court act (Laws 1902, c. 580), is therefore not appealable, and the appeal must therefore be dismissed.

Appeal dismissed, with $10 costs. All concur.

---

### GRIMSHAW v. LAKE SHORE & M. S. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

RAILROADS (§ 288*)—INJURIES IN COLLISIONS—TRESPASSERS.

> A railroad company, negligently causing a collision with an engine of another company operated rightfully on its own track, is liable for injuries sustained in the collision by one riding on the engine in violation of the rules of the intersecting road, but with the consent of the engineer; such person not being, as to the defendant, a mere trespasser.

> [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 288.*]

> Williams, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Thomas Grimshaw, administrator of Thomas Cole, deceased, against the Lake Shore & Michigan Southern Railway Company. From a judgment for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Thomas D. Powell, for appellant.
Ford White, for respondent.

KRUSE, J. The plaintiff's intestate was killed at the intersection of two railroads, in a collision between a train on the defendant's track and an engine upon the intersecting railroad, upon which he was riding. While he was upon the engine against the rules of the company, he was there with the consent of the engineer who operated the engine, and the engine was rightfully where the collision occurred.

The defendant contends that it owed no duty to the deceased beyond that of not intentionally, willfully, or recklessly injuring him, under the rule of the Keller Case. Keller v. Erie R. R. Co., 183 N. Y. 67, 75 N. E. 965. The Keller Case, and other cases cited by

Mr. Justice Williams in support of that proposition, are cases where the injured person was a trespasser upon the tracks or premises when injured, and the owner sought to be made liable for the injuries so sustained. That, I think, is not this case. As to the defendant, he was not a trespasser. As has been stated, the engine was rightfully there. I think the defendant railroad company is not absolved from liability because the deceased was riding upon the engine against the rules of the company which owned it, and upon whose track it was being operated when the defendant's train wrongfully collided with the engine.

In Wilson v. American Bridge Company, 74 App. Div. 596, 77 N. Y. Supp. 820, the defendant contended that the plaintiff, who was injured through its negligence, was a trespasser upon the lands of a railroad company, the particular negligence charged being that of carelessly expelling hot water and steam from a pipe on the defendant's premises adjoining the railroad right of way, over and upon the plaintiff, who was walking along the railroad right of way; and it was there held that it was no concern of the defendant whether the use of the right of way by the plaintiff was rightful or against the will of the owner; that the question could not be urged to relieve the defendant of liability.

I think the judgment and order should be affirmed, with costs. All concur, except WILLIAMS, J., who dissents.

WILLIAMS, J. (dissenting). The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought for a death alleged to have been caused by defendant's negligence. The defendant's road and the Erie road crossed each other at Buffalo. The Wabash road used the tracks of the Erie at that place. The accident occurred at the crossing of these roads. A Wabash engine was running from its yard along the Erie tracks to its depot up in the city. As it approached the crossing, a train was passing on defendant's track, and the flagman of defendant stopped the engine to permit the train to pass. As the train cleared the crossing, the flagman, not being aware that any other train was approaching on defendant's track, signaled the engine to pass over. When the engine was upon the crossing, another train on the defendant's track, or another part of the train that had already passed by, and which in some manner had become separated from the other part, came in collision with the engine, resulting in the death of the engineer and of the deceased, who was riding on the engine. The flagman's negligence in bringing about the collision by his signal to the engine rendered defendant liable in this action, unless relieved from such liability by reason of the deceased being unlawfully riding upon the engine. He was, and had been for some months, employed as a clerk in the office of the master mechanic of the Erie road. He lived in the city, but the office where he worked was at East Buffalo, some three miles from his home. On this occasion he was apparently riding home on the engine after the close

of his day's work. He had been seen to ride on an engine once or twice a week, during the time he was in the Erie's employ, before the accident. ·The rules of both the Erie and the Wabash roads forbade its engineers to allow persons to ride on their engines (excepting certain persons named) without the written .consent of the proper officials. The deceased was not one of the excepted persons, and had no written consent from the officers of the companies. He was apparently permitted to ride by the engineer in violation of the rules of both the Erie and the Wabash companies. The Wabash engine, while running over the Erie tracks, was operated under the rules of both companies on this subject.

Engines were not designed for carrying passengers. Deceased was bound to know this, and it would not be presumed he was lawfully riding upon this engine, with the consent of either of these two companies. Eaton v. D., L. & W. R. R. Co., 57 N. Y. 382–389, 15 Am. Rep. 513; Robertson v. N. Y. & E. R. R.· Co., 22 Barb. (N. Y.) 91. It could only be established by proof on the trial, and no such proof was given. The court charged the jury that the fact that deceased had ridden upon an engine once or twice a week while in the Erie's employ, before the accident, was no evidence that he had any right to so ride. It seems to me that upon the evidence the deceased was unlawfully upon the engine at the time of the accident. This being so, the court erred in refusing to charge in various forms that the deceased was a trespasser. The defendant owed the deceased no greater duty than that of ordinary care, and could only be held liable in this action in case it caused his death willfully, wantonly, or recklessly. Magar v. Hammond, 183 N. Y. 387, 76 N. E. 474, 3 L. R. A. (N. S.) 1038, and cases therein referred to; Keller v. Erie R. R. Co., 183 N. Y. 67–72, 75 N. E. 965, and cases therein referred to.

The evidence did not establish the death was so caused. The flagman exercised ordinary care, at least. His act was not willful, or wanton, as the court charged. We do not think it was reckless, and the court should have so charged. The court in its main charge made little or no reference to the questions now argued; but, at its close, counsel by requests brought the whole matter to the attention of the court, and it seemed finally to be the theory of the court that the defendant owed the deceased, under the circumstances, only ordinary care, and the jury were to say whether there was negligence on its part in failing to use such degree of care. I do not think the verdict can be upheld upon such a theory, because contrary to the evidence, or without evidence to support it.

The errors in the charge and in submitting the case to the jury at all, require a reversal of the judgment and order.