SAMUEL JOHNSON V. YAZOO & MISSISSIPPI VALLEY RAILROAD
COMPANY.

[47 South. 785.]

RAILROADS. *Passengers. Negligence. Contributory negligence. Riding on vestibuled platform.*

A passenger, injured by the negligence of the railroad company, was not as a matter of law guilty of such contributory negligence as will defeat his recovery merely because he was riding at the time of the injury on a vestibuled platform of a moving passenger train.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Johnson, the appellant, was plaintiff in the court below and the railroad company, appellee, was defendant there. From a judgment in defendant's favor predicated of a peremptory instruction the plaintiff appealed to the supreme court.

The action was for recovery of damage for personal injury alleged to have been caused by defendant's negligence. The opinion of the court states the facts.

*N. Vick Robbins,* and *Alexander & Alexander,* for appellant.

The conduct of complainant in walking out on the platform was not contributory negligence as a matter of law. *Dougherty v. Yazoo, etc., R. Co.,* 84 Miss. 502, 36 South. 699 ; *Yazoo, etc., R. Co. v. Byrd,* 89 Miss. 308, 42 South. 286.

Whether the placing of the box in the passageway on the platform of the vestibule and leaving the vestibule door open on an unlighted platform, is such reasonably safe operation of the train as to excuse defendant, whether it were the usual and ordinary operation or not, is for the jury.

*Fore v. Alabama, etc., R. Co.,* 87 Miss. 211, 39 South. 493, 690 ; *Thompson v. Yazoo, etc., R. Co.,* 72 Miss. 715, 17 South. 229 ; *Bronson v. Oakes,* 22 C. C. A. 520, 40 U. S. App. 413, 76

Fed. 734; *Sioux City, etc., R. Co. v. Stout,* 17 Wall. 657, 21 L. Ed. 745; *Grand Trunk R. Co. v. Ives,* 144 U. S. 408, 417, 428, 36 L. Ed. 485, 489, 492, 12 Sup. Ct. Rep. 679, 683, 687; *Jones v. East Tennessee, V. & G. R. Co.,* 128 U. S. 443, 32 L. Ed. 478, 9 Sup. Ct. Rep. 118; *Scott v. New Orleans,* 21 C. C. A. 402, 41 U. S. App. 498, 75 Fed. 373; *Detroit & M. R. Co. v. Van Steinburg,* 17 Mich. 99; *Augusta R. Co. v. Glover,* 92 Ga. 132, 18 S. E. 406; *Milwaukee & St. P. R. Co. v. Kellogg,* 94 U. S. 469, 24 L. Ed. 256; *Northern P. R. Co. v. Adams,* 54 C. C. A. 196, 116 Fed. 324; *Burt v. Douglas County Street R. Co.,* 83 Wis. 229, 18 L. R. A. 479, 53 N. W. 447; *Louisville & N. R. Co. v. Head,* 22 Ky. L. Rep. 863, 59 S. W. 23; *McAfee v. Huidekoper,* 9 App. D. C. 36, 34 L. R. A. 720; *International & G. N. R. Co. v. Welsh* (Tex. Civ. App.) 24 S. W. 854; *Bonner v. Glenn,* 79 Tex. 531, 15 S. W. 573; *Illinois C. R. Co. v. O'Keefe,* 154 Ill. 508, 39 N. E.. 606; *Dewire v. Boston & M. R. Co.,* 148 Mass. 343, 2 L. R. A. 166, 19 N. E. 523; *Cotchetl v. Savannah & T. R. Co.,* 84 Ga. 687, 11 S. E. 553; *Gerstle v. Union P. R. Co.,* 23 Mo. App. 361; *San Antonio & A. P. R. Co. v. Choate,* 22 Tex. Civ. App. 618, 56 S. W. 214; *Louisville & N. R. Co. v. Berg,* 17 Ky. L. Rep. 1105, 32 S. W. 616; *Graham v. McNeil,* 20 Wash. 466, 43 L. R. A. 300, 72 Am. St. Rep. 121, 55 Pac. 631; Hutchinson on Carriers (2d ed.), §§ 652, 1193; Beach on Contrib. Neg. § 3, p. 7; 3 Thomp. Neg. § 2953; *Moore v. Lanier,* 53 Fla. 353, 42 South. 462; *Doolittle v. Southern R. Co.,* 62 C. C. A. 130, 40 S. E. 133; *Illinois C. R. Co. v. Bethea,* 88 Miss. 119, 40 South. 815; *Boss v. Northern P. R. Co.,* 5 Dak. 308, 40 N. W. 590.

*Mayes & Longstreet,* for appellee.

(The brief of counsel for appellee was lost before the record came into the hands of the reporter, hence no synopsis of their brief can here be given.)

Argued orally by *N. Vick Robbins,* for appellant.

MAYES, J., delivered the opinion of the court.

On the 10th day of August, 1907, Samuel Johnson took passage on the Yazoo & Mississippi Valley Railroad for the purpose of going from Merigold to Vicksburg. The train on which he embarked was a fast train, commonly called the "Cannon Ball," and vestibuled throughout. The train was a night train, and due at Vicksburg about 12:40 a. m. It seems that after the train whistled for Vicksburg the porter passed through the car where Johnson was, carrying with him a box of some kind, which he placed on the platform, and himself returned inside. After this was done, Johnson got up and got a drink of water, and decided to walk out on the platform, and when he did so his feet came in contact with the box which had been placed in the vestibule by the porter, and he was thrown out, sustaining very serious injuries. It seems that the box was not setting in the passageway leading from car to car, but had been set just outside in the passageway leading to the steps. When the porter went out to set the box down, he not only did this, but for the purpose of subserving his own convenience he raised the trapdoor over the steps and opened the door of the vestibule leaving the vestibule in the nighttime in this unprotected condition, and without light or guard of any kind, and so it was at the time Johnson went out on the platform. The porter testified that, when he went out to open the vestibule and deposit the box in question, Johnson was standing out on the platform, and he told him to go inside the car off the platform; but this is disputed by Johnson. In short, the proof shows that as the train approached Vicksburg this porter, to subserve his own convenience, took this box, placed it in the passageway leading down the steps, opened the trapdoor over the steps, and threw open the vestibule door, so as to permit ingress and egress when the train should stop, returning immediately to the interior of the car, and Johnson, unconscious of the condition of the vestibule as left by the porter, walked out on the platform, stumbled on this box, fell off, plunged down the steps and through the vestibule

door, sustaining injuries which subsequently resulted in the amputation of his leg. These are the substantial facts of the case, at least as made out by plaintiff's testimony. On the above facts the trial court gave a peremptory instruction to find for the defendant.

It cannot be declared as a matter of law that a passenger on a railway train is guilty of negligence *per se* merely because he rides on the platform of a moving train. Whether he is guilty of such contributory negligence as will defeat a recovery for any injury received while there must depend upon the facts of each particular case. In view of the many modern improvements for safety in railway cars, platforms, train appliances, etc., chief among which is the modern vestibule train, with its close couplings and housed passageways leading from car to car, standing as an invitation by the railway to greater freedom in the use of all parts of its cars by passengers, and making travel almost as safe on the platform as elsewhere, it is readily seen that the rules announced by the older decisions can have but little application, when the only negligence charged is that of riding on the platform of such a train. This is recognized in Hutchinson on Carriers (3d ed.), vol. 3, p. 1406, note 35, and authorities. The same authority says, on page 1407, that "in an action by the passenger, who has received an injury while riding upon the platform of a moving railway car, it would be essential to the defense of the company that the passenger's imprudence in assuming such a position should have been the proximate cause of the injury." In volume 29, p. 417, Cyc., it is said that: "Negligence is a relative term, and depends upon the circumstances of each particular case. What might be negligence under some circumstances, at some time or place, may not be negligence under other circumstances, at another time and place. All the surrounding or attendant circumstances must be taken into account, if the question involved is one of negligence, such as the opportunity for deliberation, degree of danger, and many other considerations or like nature, affecting the standard of

care which may reasonably be required in the particular case." In the case of *V. & M. Ry. Co. v. McGowan,* 62 Miss. 682, 52 Am. Rep. 205, in that part of the opinion to be found on page 694 of 62 Miss. (52 Am. Rep. 205), this court has said: "There is in the books much confusion on the subject of contributory. negligence. . . . Contributory negligence is the want of ordinary care to avoid injury from the act of another. One must use diligence or ordinary care to avoid injury from another, failing in which he may not recover for what by such diligence or care he might have avoided. Whether in any case the plaintiff used the requisite care to avoid injury depends on the circumstances in which he was called to act." In the case of *Miss. Cent. R. Co. v. Mason,* 51 Miss. 234, in that part of opinion to be found on page 244, this court said: "Where the negligence of the defendant is proximate, and that of the plaintiff remote, the action can then well be sustained, although the plaintiff is not. entirely without fault. This seems to be now settled in England and in this country. Therefore, if there be negligence on the part of the plaintiff, yet if, at the time when the injury was committed, it might have been avoided by the defendant in the exercise of reasonable care and diligence an action will lie for the injury. . . . Questions of negligence are always to be submitted to the jury, unless where the facts are undisputed and the result of those facts unquestionable, either as proving or disproving such negligence. And where the facts are conceded, but the inference in regard to negligence is still doubtful, depending upon the general knowledge and experience of men, it is the judgment and experience of the jury, and not of the judge, which is to be appealed to." In volume 7 Am. & Eng. Ency. of Law (2d ed.), p. 371, it is said that "contributory negligence is a want of ordinary care on the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred."

In the light of these authorities it can no longer be held that a passenger is guilty of contributory negligence, so as to defeat a recovery for injury inflicted, where it is merely shown that he was riding on the platform of a vestibuled train, if no other act of so-called contributory negligence is shown. No law declared by the case of *Railroad Co. v. Byrd,* 89 Miss. 308, 42 South. 286, can be appealed to as authority for the court's action in sustaining the peremptory instruction for defendant in this case, but quite the contrary. Under the facts of that case, as under the facts of this, the court held that it was not negligence *per se* to ride on the platform. It is true that the facts in the *Byrd case* are quite different from the facts in this case, and the basis of liability quite distinct; but the court held in the *Byrd case* that there was no inflexible rule as to liability or nonliability of the railroad company growing out of the mere fact that a passenger rode on the platform. In the case of *Atlantic Line Ry. Co. v. Crosby,* 53 Fla. 400, 43 South. 318, where it was earnestly urged by counsel that the mere act of riding on the platform of a moving train was negligence *per se,* the court said: "Turning to the authorities cited by defendant, we find that the question chiefly discussed therein is the negligence or contributory negligence of the passenger in going upon or standing upon the platform of the moving train. We find that there is great conflict in the authorities as to whether or not riding or standing upon the platform of a railroad car while the train is in motion or in rapid motion is negligence *per se,* such as to defeat recovery for injuries received by the passenger while occupying such a position. Some courts have held affirmatively as a matter of law that it is such negligence as will bar a recovery, while others have held it to be a question of fact for the jury to determine under all the circumstances in the case as given in evidence. A discussion of the question and many authorities bearing thereon will be found in the following: 6 Cyc. 653, 654; 5 Current Law, 539, 540; Moore's Carriers, 856 *et seq.;* 2 Woods, Railroads (Miner's Ed.), § 308; Beach's Contributory

Negligence (3d ed.), § 149; Black's Law and Practice in Accident Cases, § 353; Patterson's Railway Accident Law, §§ 271, 272; 5 Am. & Eng. Ency. of Law (2d ed.), 678, 681. The following, among the many cases which we have examined, will prove instructive generally as to the rights and risks of passengers going, standing, or riding upon the platforms of trains: *Marquette v. Chicago & N. W. R. R. Co.,* 33 Iowa, 562, text, 569, 570; *Graham v. McNeill,* 20 Wash. 466, 55 Pac. 631, 43 L. R. A. 300, 72 Am. St. Rep. 121; *Gerstle v Union Pac. Ry. Co.,* 23 Mo. App. 361; *Zemp v. Wlimington & M. R. R. Co.,* 9 Rich. Law (S. C.), 84, 64 Am. Dec. 763; *Woods v. Southern Pac. Co.,* 9 Utah, 146, 33 Pac. 628; *Dewire v. Boston & Maine R. R.,* 148 Mass. 343, 19 N. E. 523, 2 L. R. A. 166; *Agulino v. N. Y., N. H. & H. R. R. Co.,* 21 R. I. 263, 43 Atl. 63; *L. & N. R. R. Co. v. Head* (Ky.) 59 S. W. 23; *Augusta Southern R. R. Co. v. Snider,* 118 Ga. 146, 44 S. E. 1005; *Willis v. Long Island R. R. Co.,* 34 N. Y. 670; *Graham v. Manhattan Ry. Co.,* 149 N. Y. 336, 43 N. E. 917; *Watkins v. Birmingham Ry. & Elec. Co.,* 120 Ala. 147, 24 South. 392, 43 L. R. A. 297; *McAfee v. Huidekoper,* 34 L. R. A. 720, and note thereto."

In the citations above will be found nearly all the authorities bearing upon this subject. We adopt the view of those authorities which hold that the question of negligence, on the facts presented by this record, is a question for the jury to determine.

*Reversed and remanded.*