GULF, C. & S. F. RY. CO. v. BATTLE.
(No. 5382.)

(Court of Civil Appeals of Texas. Austin. June 17, 1914. Rehearing Denied Oct. 21, 1914.)

1. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—ACTIONS—EVIDENCE.

In an action by a passenger, hurt in a fall from a train, caused by stumbling over a box left on the platform, evidence *held* to sustain a finding that servants of the railroad company were negligent in placing the box on the dimly lighted platform.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

2. EVIDENCE (§ 587*)—CIRCUMSTANTIAL EVIDENCE—ADMISSIBILITY.

Matters may be proven by circumstantial evidence as well as by direct testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2436; Dec. Dig. § 587.*]

3. CARRIERS (§ 320*)—INJURIES TO PASSENGERS—ACTIONS—EVIDENCE.

In a personal injury action by a passenger, who fell from a train when he stumbled over a box on a dimly lighted platform, the question of his contributory negligence *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

4. APPEAL AND ERROR (§ 263*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—OBJECTIONS TO INSTRUCTIONS.

Rev. St. 1911, art. 1974, as amended by Acts 33d Leg. c. 59, provides that, when the instructions asked or some of them are refused, the judge shall note distinctly which of them is given and which refused, and such instructions shall constitute part of the record. Article 2061, as amended, provides that the ruling of the court in giving, refusing, or qualifying instructions shall be regarded as approved, unless excepted to. *Held*, that notwithstanding article 2062, providing that no bill of exceptions shall be necessary to reserve an exception where the ruling appears of record, was not amended, it was impliedly repealed in its application to instructions, and, unless exception was duly taken to the action of the court, the giving or refusing of instructions cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

5. WITNESSES (§ 392*)—IMPEACHMENT—EVIDENCE.

Declarations not made with plaintiff's knowledge, authority, or acquiescence, in suits against other persons, are not admissible to impeach plaintiff's testimony in the subsequent action.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1249–1251, 1257; Dec. Dig. § 392.*]

Appeal from District Court, Lampasas County; John D. Robinson, Judge.

Action by W. W. Battle against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, Word & Walker, of Lampasas, and Lee & Lomax, of Ft. Worth, for appellant. Alex F. Weisberg and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

JENKINS, J. 1. This is a suit to recover damages for personal injuries occasioned by the alleged negligence of appellant in leaving a vestibule door open, in having the platform dimly lighted, and in leaving a step box on the platform, over which appellee stumbled and fell out of the car, and his foot was run over by the cars.

2. From a judgment in favor of appellee, appellant appeals and assigns error, among others, that the verdict is not supported by the evidence.

Appellant's train runs into Lampasas, where the accident occurred, and backs out and turns on a Y and goes onto the main line. Appellee alleged that he boarded the train at the front end of the smoking car about dark and just before the train started, and that the step box was thrown upon the platform and lighted behind him, in front of the door as he entered the same; that he was smoking and intended to remain in the smoker until he finished his cigar, but, finding the atmosphere foul, concluded to go on into the chair car, but that it was his custom to chew gum after smoking, and that he went to the front of the car and bought a package of chewing gum from the "train butcher"; that he opened the car door for the purpose of throwing his cigar away, but that just at that time a passenger was coming up the steps; that at this time he held the doorknob in one hand and his cigar in the other, with one foot on the platform and one in the car, not intending to go further out, but, in order to avoid hitting the passenger with his cigar and to let him pass in the car, he held onto his cigar and stepped onto the platform; that he immediately turned to throw his cigar

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

out and re-enter the car, when he stumbled over the step box and fell down the steps, and the cars ran over his foot. Appellee alleged that the platform was dimly lighted, and that he did not see the box over which he stumbled. The verdict in appellee's favor implies that these allegations are true; that such acts constituted negligence on the part of appellant and were the proximate cause of the injury. The evidence is sufficient to sustain the verdict.

[1-3] 3. Appellant contends that leaving the vestibule door open was not negligence, for the reason that the same was necessary for the proper operation of the train at that time and place. The evidence shows that, by reason of the conductor's and brakeman's being compelled to remain out of the cars to throw the switches on the Y and board the train while it was moving, it was necessary to have one of the vestibule doors open, but this does not excuse appellant's leaving the box upon the platform in such position that a passenger was liable to stumble over it, nor in having the vestibule dimly lighted, so that the box might not be seen. It was the combination of all these circumstances that caused the injury. Had the box not been upon the platform, appellee would not have stumbled over it; had the vestibule been well lighted, he might have seen the box and avoided it; and had the door been closed, even had he stumbled and fallen, he could not have fallen out.

4. Appellant insists that the evidence is not sufficient to show that appellee stumbled over the box. It is true that appellee did not see what he stumbled over, but he struck his shin against some hard substance about the proper height for the top of the box. The undisputed facts show that the box was placed upon the platform a few minutes before the accident; that it was there a few minutes afterwards; and that no other substance over which any one could have stumbled was found upon the platform after the accident. A fact may be proven as well by circumstantial as by positive evidence, and, when a reasonable deduction has been drawn by a jury in a civil case from the facts proven, such deduction must be taken as a fact found, though some other hypothesis may be reasonable. In such case the jury are the exclusive judges of the fact proven by the circumstances in evidence. In the instant case, no conclusion, other than that the appellee stumbled over the box, can be drawn, if the appellee is to be believed, and of that the jury were the exclusive judges.

5. Appellant insists that it was negligence on the part of the appellee to go upon the platform, inasmuch as he knew the door was open and knew that the box was there. It is true that appellee knew that the door was open, but that circumstance of itself would not suggest that there was danger in going upon the platform of a slow moving train. The train was moving at the rate of from three to five miles an hour, over a smooth track. The appellee did not know that the box was in the passageway on the platform, in the sense of requiring him to act upon such knowledge. That is to say, such fact was not in his mind at the time, and he was excusable for not remembering it. When he heard the box strike the floor of the platform, he was entering the car with no intention of returning, and naturally the incident passed out of his mind until he stumbled over the box. He had not intended to go upon the platform at the time of the accident; the occasion of his doing so was an act of courtesy arising upon the instant, and natural to a gentleman. Under these circumstances, it is not reasonable to require of him that he should remember the incident of the box being thrown upon the platform. For these reasons, we cannot say, as a matter of law, that the jury were not justified in finding against appellant's plea of contributory negligence. We think they were fully justified in such finding. Bonner v. Glenn, 79 Tex. 531, 15 S. W. 572; Sickles v. Railway Co., 13 Tex. Civ. App. 434, 35 S. W. 493; Railway Co. v. Patillo, 45 Tex. Civ. App. 572, 101 S. W. 498; Johnson v. Railway Co., 94 Miss. 447, 47 South. 785, 22 L. R. A. (N. S.) 312; Railway Co. v. Leftwich, 117 Fed. 127, 54 C. C. A. 1, 29 Cyc. 417; Railway Co. v. Adams, 116 Fed. 324, 54 C. C. A. 196.

[4] 6. Appellant assigns error upon the refusal of the court to give several special charges requested by it. Appellee objects to the consideration of these assignments for the reason that no exception was taken to the action of the court in refusing them. We sustain these objections.

Article 1974, R. S., reads as follows:

"When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he gives and which he refuses, and shall subscribe his name thereto; and such instructions shall be filed with the clerk, and shall constitute a part of the record of the cause, subject to revision for error, without the necessity of taking a bill of exception thereto."

This was amended by the Thirty-Third Legislature so as to read as follows:

"Art. 1974. When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he has given and which he refused, and shall subscribe his name thereto, and such instructions shall be filed with the clerk and shall constitute a part of the record of the cause, subject to revision for error." Acts 33d Leg. p. 114.

It will be observed that the words "without the necessity of taking a bill of exceptions thereto" are omitted from the article as amended.

Article 2061, R. S., reads as follows:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as excepted to in all cases."

This article was amended by the act above referred to so as to read as follows:

"Art. 2061. The ruling of the court in the giving, refusing or qualifying of instructions to the

jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

This article is mandatory and precludes the consideration of any assignment of error as to the action of the court in giving, refusing, or qualifying requested charges, unless such action be excepted to and presented by bill of exceptions. Insurance Co. v. Rhoderick, 164 S. W. 1069.

It is true that article 2062, R. S., is not expressly repealed by the act above referred to, but said act repeals all laws in conflict therewith, and if any conflict exists between article 2062 and article 2061, as amended, the former is repealed. The Legislature that passed the original articles evidently did not intend article 2062 to apply to the giving or refusing special charges; if so, there would have been no necessity for article 2061.

[5] 7. We overrule appellant's assignments of error as to the action of the court in refusing to allow appellant to introduce testimony in reference to the suits against the accident insurance companies. The evidence offered was irrelevant and immaterial to any issue in this case, and would have been prejudicial to appellee. In so far as such evidence was offered for the purpose of impeaching appellee by declarations in his petition in his suit against the insurance company it was clearly shown that such declarations were not made by him nor with his knowledge, authority, acquiescence or ratification.

Finding no error of record, the judgment of the trial court is affirmed. Affirmed.