SCHUBERT v. VOGES et al.     (No. 5341.)

(Court of Civil Appeals of Texas.     A.ustin.
June 17, 1914.)

1. CONTINUANCE (§ 22*)—DENIAL OF APPLI-
CATION.

Where the record on appeal contained an
unverified application to continue the case be-
cause of the absence of certain witnesses, and
the transcript showed that such witnesses ap-
peared and testified, the denial of the applica-
tion could not be held erroneous, especially
where the record shows no exception to the rul-
ing.

[Ed. Note.—For other cases, see Continuance,
Cent. Dig. §§ 58–67; Dec. Dig. § 22.*]

2. TRESPASS TO TRY TITLE (§ 47*)—JUDG-
MENT—SUFFICIENCY.

In trespass to try title, a judgment es-
tablishing, as a boundary line between the prop-
erty of plaintiffs and defendant, the fence then
existing, and decreeing to plaintiffs title to all
land north of the fence, sufficiently establishes
the boundary.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 69–71; Dec. Dig. §
47.*]

3. JUDGMENT (§ 256*) — VERDICT — SUFFI-
CIENCY.

In trespass to try title to land which was
inclosed by plaintiffs, a verdict for them, which
did not accurately describe the land in con-
troversy, will sustain a judgment for plaintiffs
for the land inclosed, where the verdict could
be construed as a finding in plaintiff's favor
either on a question of boundary or adverse
possession.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

4. APPEAL AND ERROR (§ 230*)—PRESENTA-
TION OF GROUNDS OF REVIEW IN COURT
BELOW—OBJECTIONS TO INSTRUCTIONS.

Assignments complaining of the giving and
refusing of instructions cannot be considered,
where appellant did not object before the in-
structions were read to the jury.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 183–190, 680–682, 751,
819, 876; Dec. Dig. § 230.*]

Appeal from District Court, Hays County;
Frank S. Roberts, Judge.

Action by Albert Voges and another against
Martin Schubert. From a judgment for
plaintiffs, defendant appeals. Affirmed.

B. G. Neighbors, of San Marcos, for appel-
lant. Barber & McKie, of San Marcos, for
appellees

KEYS, C. J. Adolph and Albert Voges
brought this suit against Martin Schubert in
the form of trespass to try title, and in their
petition described the land sued for as fol-
lows:

"The most western one-half of the John In-
gram league and labor survey No. 31, situated
in Hays county, Tex., said west half of said
league and labor being under fence, there being
a fence across said league and labor in the
center thereof from north to south, said west
half containing 2,312 acres more or less, and
being the same property conveyed by Mrs. Nan-
nie Cook and Louis Cook, her husband, to
Adolph Voges and Albert Voges, by a deed
dated June 16, 1908, recorded in volume 54, p.
396, Hays county deed records, which deed and

record thereof are referred to and made part
hereof. Plaintiffs say that they own and have
title to all the land inclosed in their pasture
and assert title to every part thereof."

The plaintiffs specially pleaded title by
limitation of three, five, and ten years. The
defendant answered by general demurrer, not
guilty, and general denial.

At the trial it was agreed between the
parties that the plaintiffs have title to the
western one-half of the John Ingram league
and labor survey, and that the defendant has
title to the M. Clark and Harris E. Norton·
surveys, in so far as the title of the plaintiffs
or defendant has not been lost by limitation;
it being expressly understood that no claim
asserted by either party through limitation
was waived. The Clark and Norton surveys
are older than the Ingram survey, and the
latter calls for and connects with the former.
The proof shows that the Ingram survey had
been fenced for a number of years, and that
a cross fence, supposed to be at the center of
that survey, extended from north to south,
separating the western from the eastern half
of the survey.

The plaintiffs put in evidence a deed from
Mrs. Nannie Cook and her husband, Louis
Cook, to them, dated June 16, 1908, duly ac-
knowledged and recorded, which described
the land conveyed as follows:

"All that certain tract or parcel of land sit-
uated in Hays county, Tex., and being the most
western one-half of the John Ingram league and
labor No. 31. This western one-half of said
league and labor is under fence, there being
a fence across said league and labor in the cen-
ter thereof from north to south, and the loca-
tion of the said western one-half is established
and identified by such fence, containing 2,312
acres, more or less. This league and labor of
land was conveyed to the grantor, Mrs. Nannie
Cook, by deed from Helena Landa and Harry
Landa, dated July 5, 1901, recorded in vol-
ume 41, pp. 497 and 498, deed records of Hays
county, Tex."

The plaintiffs also put in evidence the deed
referred to from Helena and Harry Landa to
Mrs. Cook, conveying land described as fol-
lows:

"Also the John Ingram league and labor, sit-
uated in Hays county, Tex., and being the
same land conveyed to us by Cohen and other
heirs, through the sheriff, W. T. Jackman, by
deed dated January 6, 1898, and recorded in
the Hays county records for deed in volume
37, pp. 38–41, to which reference is here made
for field notes and description."

They also put in evidence a deed from the
sheriff of Hays county to Helena and Harry
Landa, dated January 8, 1898, which describ-
ed the land conveyed the same as the descrip-
tion in the deed from the Cooks to the plain-
tiffs. The proof shows that the Ingram sur-
vey was fenced by the Landas after they
bought it, and before they sold to Mrs. Cook.

The defendant, Schubert, contends that in
fencing the land the Landas extended their
fence beyond the dividing line between the
Ingram and the Norton and Clark surveys,
and placed their fence upon the latter two

surveys. So the true location of the line between the Ingram survey on the one side, and the Norton and Clark surveys on the other, was the question of boundary that was litigated. Also, and aside from the question of boundary, the plaintiffs contended that they had title by limitation to all the land inclosed by the fence made by the Landas when they inclosed the Ingram survey, although a part of that land might be upon the Norton and Clark surveys. The evidence presented but one question of limitation, and that was under the ten years' statute, and the court submitted that issue and the issue of boundary to the jury. The jury returned a verdict which reads as follows:

"We, the jury, find for the plaintiffs, giving them all the land inclosed at time of purchase."

Upon that verdict the court rendered a judgment, which reads as follows:

"It is therefore accordingly ordered, adjudged, and decreed by the court that plaintiffs, Adolph Voges and Albert Voges, do have of and recover of and from the defendant, Martin Schubert, all of the most western one-half of the John Ingram league and labor survey in Hays county and all lands inclosed around plaintiff's said pasture as said fence existed on June 16, 1908, at the time of the purchase of said land by the plaintiffs, Adolph Voges and Albert Voges, this being the same fence line now established and existing between the property of plaintiffs and defendant, hereby decreeing to plaintiffs, Adolph and Albert Voges, title to all the land lying north of and inclosed by said fence as against defendant, Martin Schubert."

[1] The defendant has appealed and by his first assignment of error complains of the action of the trial court in overruling his motion to postpone or continue the case. The transcript contains an application to postpone or continue the case, which is signed by the defendant's attorney, but which is not sworn to by any one. The reason for asking the postponement was on account of the absence of the defendant and two of his witnesses when the case was called for trial. The record shows that the defendant and both of the witnesses referred to appeared and testified. There is no bill of exception in the record concerning the matter referred to; and, while the judgment states that the application for a continuance was presented and overruled, it does not show, nor is it otherwise shown, that the defendant excepted to the ruling. Such being the condition of the record, the first assignment is overruled.

[2, 3] The second assignment reads as follows:

"The judgment and the verdict do not determine the boundary line between the Ingram league and the Norton and Clark surveys."

That assignment is overruled, because the verdict and judgment, taken together (and especially the judgment), do determine the boundary line referred to. The judgment establishes that line and identifies it by a fence "now established and existing between the property of plaintiffs and defendant"; and it decrees to the plaintiffs title to "all the land lying north of and inclosed by said fence." The assignment under consideration does not make the point that the judgment is not supported by the verdict, because of the fact that the verdict does not sufficiently identify the boundary line in question. But, even if that question were presented, inasmuch as the plaintiffs' petition described the land in controversy as being inclosed by a fence and within their inclosed pasture, and being the land conveyed to them by Mrs. Cook and her husband by deed dated June 16, 1908, and as the undisputed proof shows that the fence and inclosure referred to existed at the time the plaintiffs purchased the land, and continued to so exist up to the time of the trial, we are not prepared to say that the verdict, if the latter clause therein was intended as fixing boundary, was not sufficient to support the judgment that was rendered. However, the case involved a question of title independent of the question of boundary, which was founded upon the plaintiffs' plea of limitation; and it may be that the verdict of the jury was intended as a finding for the plaintiffs upon that theory. In other words, the jury may have reached the conclusion that the plaintiffs, and those under whom they claim, had held such adverse possession to all the land inclosed in the plaintiffs' pasture as would give them title by the ten years' statute of limitation, regardless of whether the land was upon the Ingram league or upon some other survey. Hence we hold that the case is distinguishable from Jones v. Andrews, 72 Tex. 5, 9 S. W. 174, Reed v. Cavett, 1 Tex. Civ. App. 154, 20 S. W. 838, and other cases cited in appellant's brief.

[4] Appellant's brief contains several assignments complaining of the action of the court in giving and refusing instructions to the jury; but as the record fails to show that the action complained of was excepted to, as required by the act of the last Legislature, those objections must be considered as waived. Railway Co. v. Battle, 169 S. W. 1048, this day decided by this court.

The only other assignment presented in appellant's brief complains of the verdict as being contrary to law and against the weight of the testimony. That assignment treats the verdict as being founded alone upon the question of boundary, which, as we have heretofore stated, is by no means certain; but, even if it be so construed, we are not prepared to hold that it is without testimony to support it, and therefore that assignment is overruled.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.