## HOUSTON B. & T. RY. CO. v. LEWIS. (No. 5444.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1915. Rehearing Denied April 14, 1915.)

1. WITNESSES &c⇒405—CROSS-EXAMINATION—REBUTTAL EVIDENCE—ADMISSIBILITY.

In an action against a railroad company for damages caused by the construction of railroad tracks and the operation of trains thereon, the daughter of one of plaintiff's lessees testified that when the tracks were being put down, he left the place because of the noise. On cross-examination she testified that she had never heard her father complain of an adjacent feedmill. Plaintiff's contention was that the noise and vibrations caused by engines and trains, as well as the smoke and dirt, depreciated the value of his property. *Held*, that an affidavit made by the lessee, showing that he moved on account of the feedmill, was not admissible to contradict the witness; her testimony on the question not relating to the issue involved.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1273, 1275; Dec. Dig. &c⇒405.]

2. RAILROAD &c⇒114—ACTIONS—EVIDENCE.

In an action against a railroad company for damages for depreciation in the value of property by reason of smoke and noise, plaintiff, having testified to the depreciation in rental value, could testify that the proximity of the railroad interfered with renting his houses.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 365–371; Dec. Dig. &c⇒114.]

3. APPEAL AND ERROR &c⇒1051 — REVIEW — HARMLESS ERROR.

Where plaintiff was allowed to testify without objection that his tenants were always complaining of smoke and soot inside the houses, testimony that the renting of his houses was interfered with because people objected to the railroad is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. &c⇒1051.]

4. APPEAL AND ERROR &c⇒1050 — REVIEW — HARMLESS ERROR.

The admission of testimony that property in that vicinity began to enhance in value when the railroad company began buying in that locality, while irrelevant, is harmless as to the railroad company, tending rather to benefit it by showing a fictitious advance immediately before its line was located.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. &c⇒1050.]

5. APPEAL AND ERROR &c⇒499—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Objections to the charge of the court cannot be reviewed where it did not appear that they were presented to the court at the proper time, or that the overruling thereof was excepted to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. &c⇒499.]

6. APPEAL AND ERROR &c⇒499—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

The refusal of a special charge cannot be overruled where no bill of exceptions was preserved showing presentation of the request and exception to the refusal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. &c⇒499.]

Appeal from District Court, Harris County; William Masterson, Judge.

Action by M. Lewis against the Houston Belt & Terminal Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, for appellant. Ross & Wood, of Houston, for appellee.

MOURSUND, J. Appellee sued appellant and five other railway companies for damages alleged to have been suffered by him by reason of the construction of certain railroad tracks in the vicinity of his property in the city of Houston and the operation of engines and trains over said tracks. The court instructed a verdict in favor of the other companies, but submitted the case as to appellant, against whom the jury returned a verdict for $2,500. A judgment was entered in accordance with the verdict.

[1] The first three assignments of error are directed at the refusal of the court to permit the introduction in evidence of an affidavit made by F. J. Wood on November 23, 1908, and filed in a suit by appellee against W. D. Van Wagenen et al., in which affidavit said Wood stated that he moved out of appellee's house on account of the dust and noise and unhealthy conditions resulting from the operation of a feedmill, and made no reference to appellant or any tracks being put down for it. This affidavit was offered in rebuttal of certain testimony by Miss Vannie Wood, daughter of said F. J. Wood. Upon direct examination, and without objection, she testified that her father moved out of appellee's house, one of those alleged to have been damaged by appellant, at the time when the team tracks were being put down, and because they were being put down; that he was nervous and couldn't stand the noise. Upon cross-examination she repeated such testimony, and stated that she had never heard her father complain of the feedmill. The gist of appellee's contention was that the noise and vibrations caused by operating engines and trains on the team tracks, and the smoke, soot, cinders, and noxious smells carried or cast upon his premises by reason thereof, caused the depreciation in value sued for. This being the case, it will be seen that F. J. Wood left the premises before these items of damages came into existence. It is apparent that his daughter's statement of his reason for leaving was given incidentally in stating the history of her occupancy of the place before the team tracks were laid, and afterwards, she having returned to the premises after her father's death. She testified fully in regard to the items of damages relied upon by plaintiff, and it is inconceivable that her statement of the reason her father removed from the premises could have had any effect upon the verdict. Plaintiff did not plead that the value of the property had decreased by reason of the noise incident to laying the team tracks, and no such issue was submitted. The issue pleaded and submitted was as to the damage caused by the existence of the tracks and the operation of trains and engines thereon. When the entire testimony is considered, that which was sought to be rebutted is seen to be very trivial, and, if error was committed in excluding the affidavit, we think it was not such a one as would justify the reversal of the judgment. Miss Wood's statement either constituted her opinion of the reasons actuating her father, or it was her conclusion, based upon statements made by him. She was not asked whether she based her statement upon what was said by her father, so we cannot say that hearsay statements by him were indirectly introduced in evidence. Therefore no excuse was shown for introducing a statement made by him upon another occasion. If Miss Wood was merely stating her opinion without anything to base it upon, it should have been excluded upon motion.

In fact, viewing her testimony from either standpoint, it seems that appellant's remedy was to have it excluded. We conclude that the court did not err in refusing to admit the affidavit in evidence. The assignments are overruled.

[2] By the fourth assignment complaint is made because the court permitted appellee to testify that the noise, dust, and cinders incident to the operation of engines and trains interfered a whole lot with the renting of his houses. This testimony was objected to as being merely a conclusion. It appears from the statement of facts that appellee had already testified without objection that prior to the time appellant began its operations he rented each of his three houses for $35 per month, and after the tracks were put in and trains and engines operated thereon he received only $30 per month for each house. In view of this testimony, appellant could not have been injured by appellee stating that the renting of his houses was interfered with a whole lot. It also appears that appellant, in cross-examining Miss Wood, inquired into the matter of the difference in rent paid for one of the houses, and developed the fact that there was a difference between that paid prior to the construction of the tracks and that paid thereafter. The assignment shows no error requiring a reversal, and is overruled.

[3] The fifth assignment also complains of the admission of testimony, and is predicated upon the same bill of exceptions as the fourth assignment. In the statement under the assignment certain testimony is set out, as follows:

"The tenants are always kicking about the inside of the houses on account of the effect that smoke had on them, and also about their curtains and everything like that they have on the inside of the house; it is all filled with soot."

But by reference to the bill of exceptions we find no statement that said testimony was objected to, and the statement of facts discloses that it was given prior to that objected to as shown by the bill of exceptions. Said bill of exceptions shows that after appellee had testified, as stated in considering the fourth assignment of error, he was interrogated further along the same line, with the result that he testified that the renting of his houses was interfered with because people objected to the railroad. In view of the above quoted testimony, which was not objected to, it is clear that appellant could not have been injured by any of the testimony set out in the bill of exceptions. The assignment is overruled.

The sixth assignment is predicated upon the same bill of exceptions as the fourth and fifth, and merely urges an additional objection to the admission of the testimony about persons objecting to renting the houses on account of noise, etc. We have already held that this testimony was harmless, in view

of that admitted without objection. The assignment is overruled.

[4] The seventh assignment complains of the admission of the testimony of F. R. Weathersby, to the effect that there was a marked advance in value of property located in the vicinity of plaintiff's property at the time the railroad company began to buy up property in said vicinity. There is nothing in the statement under this assignment of error tending to show that said testimony was in any way prejudicial to appellant. Appellant, under "Remarks," says:

"In this connection we merely wish to show that the evidence complained of in the bill of exceptions set out above was prejudicially erroneous, because same had no bearing upon the measure of damages in the case, and the effect of the testimony was to give to the property an enhanced value, resulting from the activity of the railroad company in buying in that vicinity, as a basis for the claim of a depreciation in value from the construction of the tracks."

If the effect of this testimony was to create the impression upon the minds of the jury that the witness was basing his estimate of value upon an inflated temporary valuation, caused by appellant's buying, it seems that its effect would be to discredit the estimate which was favorable to plaintiff. The witness, Murdock, who represented appellant in making purchases of property for its terminal site in that section, testified, in answer to question propounded for appellant, that prices in that section may have been a little advanced at the time he began to purchase; that purchasing for appellant in that neighborhood began as early as 1906, but that work was not begun until about January 1, 1908, and was not completed until about 1910. As approximately two years intervened between the time when the advance testified to by plaintiff and Murdock took place and the time when construction began, we fail to see how the testimony objected to could have, in any way, affected the expert testimony as to the value of the property at the time immediately preceding the laying of the tracks. The court instructed the jury that the measure of damages was the difference between the fair cash market value of plaintiff's premises immediately before and immediately after the construction of the tracks. A great deal of testimony was adduced in regard to value, and that introduced by appellant was not confined to the value immediately before and after the construction, but took a broad scope. The statement of the witness complained of should not have been admitted over the objection that it was irrelevant; but, when the statement of facts is read, it is clear that such testimony did not injure appellant. The assignment is overruled.

[5] The eighth assignment complains of the charge of the court. It appears that certain objections to the charge were filed, but it does not appear that they were presented to the court at the proper time, and that the overruling thereof was excepted to. The assignment is therefore overruled. St. L. & S. W. Ry. Co. v. Wadsack, 166 S. W. 42; Railway v. Chumbley, 169 S. W. 1107; Railway v. Battle, 169 S. W. 1048.

[6] The ninth assignment is based upon the refusal of a special charge, and must be overruled, because no bill of exceptions is contained in the record showing the presentation of such charge at the proper time, and that the ruling of the court was excepted to when made. Railway v. Wadsack, supra; Connor v. Bank, 172 S. W. 177.

The judgment is affirmed.